# PRYOR CASHMAN LLP

New York | Los Angeles

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806   www.pryorcashman.com

**Perry Amsellem**

Direct Tel: 212-326-0119
Direct Fax: 212-798-6315
PAmsellem@PRYORCASHMAN.com

February 5, 2018

> The Court will hold a phone conference on this matter at 4:00pm today, February 5, 2018. At that time, the parties should jointly call the Court's chambers at (212) 805-0169 It is SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: 02/05/2018
> New York, New York

**VIA CM/ECF**

The Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:   *Ithaca Capital Investments I, S.A., et al., v. Trump Panama Hotel Management LLC, et ano.*, Case No. 1:18-cv-00390-ER – Request to Respond to Plaintiffs' Motion for Preliminary Injunction on or before February 20, 2018

We are counsel to defendants Trump International Hotels Management LLC and Trump Panama Hotel Management LLC. We write in response to Plaintiffs' counsel's letter dated February 4, 2018. We regret that Your Honor's time has been diverted simply to set a briefing schedule on a motion brought by notice, which was never served properly, and in an action where Defendants have not yet appeared, nor did their time to do so expire.

Following a two-week extension from Plaintiffs, Defendants' time to answer and appear is not due until February 23, 2018. Defendants respectfully request two weeks, until February 20, 2018, to oppose Plaintiffs' motion. If we could respond sooner, we would do so; however, my professional schedule is deeply conflicted.

In over 28 years of practice before this Honorable Court, never before have I seen a party, or their counsel, serve upon a registered agent for service of process in Delaware, a notice of motion for a preliminary injunction in this Court, and then claim that the time to respond to the motion begins to run before Defendants even make an appearance. Such a practice raises due process concerns and turns judicial efficiency on its head, which is why Local Rule 6.1(b) requires that Plaintiffs' motion "shall be served …on all other parties *that have appeared in the action*". Otherwise, motions would routinely be served on parties that have not appeared, simply to achieve a surreptitious default before a party has appeared or responded to the complaint.[1]

Plaintiffs' attempt to cast aspersions and argue bad faith are meritless. Since at least October 14, 2017, Plaintiffs' counsel has represented ICC Claimant, Hotel TOC Inc., a Panamanian corporation that has ownership interests in the Trump International Hotel in Panama. Plaintiffs in this action – attorney Orestes Fintiklis, the

---

[1] Motions are served pursuant to Rule 5(b); nowhere does that rule permit the service of motions or other papers upon a party's registered agent for service of process as plaintiffs did here. (*See* ECF Nos. 18-19.) Plaintiffs' argument that Defendants' motion response is due February 5, 2018 under Fed. R. Civ. P. 6(d) is erroneous; that extension applies only to Rule 5 service by mail [Rule 5(b)(2)(B)], by leaving it at the person's office [Rule 5(b)(2)(C)], or by a means consented to by that person in writing [Rule 5(b)(2)(E)]. None of those methods – or any of the methods outlined in Rule 5(b) – were used. Indeed, pursuant to the plain language of Rule 5, Plaintiffs have failed to properly serve Defendants with their motion papers. Rather than belabor Plaintiffs' improper service, Defendants invited Plaintiffs to discuss a mutually reasonable schedule, but they refused.

**PRYOR CASHMAN LLP**

The Honorable Edgardo Ramos
February 5, 2018
Page 2

authorized representative of Plaintiffs Ithaca I and II, both Panamanian corporations – usurped unlawful control of the hotel through fraud committed in Panama, as set forth in detail in Defendants' responsive pleading filed in the ICC on December 4, 2017.  The Defendants have joined the Plaintiffs as Third-Party Respondents in the international arbitration commenced on October 14, 2017 by Plaintiffs' counsel.  The ICC hearing shall be heard in Panama, pursuant to the very broad arbitration clause from which Plaintiffs seek to flee.  Defendants have asserted 10 claims against Plaintiffs in the ICC.

On December 4, 2017, five days before Defendants' time to respond in the ICC, the Defendants filed their responsive pleading; thus, as of December 4, 2017, Plaintiffs were in possession of Defendants' ICC responsive pleading, demanding joinder of Plaintiffs in the ICC proceeding by virtue of, *inter alia*, the fact that third-party respondent Fintiklis purports to act as the authorized representative of Hotel TOC, Inc. and its sole shareholder Hotel TOC Foundation.  Plaintiffs delayed until January 16, 2018 to commence this action and simultaneously (and improperly) moved for a preliminary injunction; the ICC denied Plaintiffs' request for a stay.

Since December 4, 2017, Plaintiffs have failed and refused to respond to Defendants' request for joinder, having delayed for months.  Plaintiffs even evaded ICC service and then sought and obtained an extension of time in the ICC to answer.  Plaintiffs prefer to delay and forum shop.

After pointing out the infirmities in process by which Plaintiffs sought to move this Court, Defendants' counsel requested to negotiate a briefing schedule (despite not being obliged to do so).  Plaintiffs, however, refused to do so, prompting our letter motion dated February 2, 2018.  Plaintiffs also failed to move for their preliminary injunction by order to show cause, which would have set an expedited briefing schedule.  They did not do so because of the delays they sought in the ICC, and because, pursuant to Local Rule 6.1, "[n]o Order to Show Cause to bring on a motion will be granted except upon a clear and specific showing by affidavit of good and sufficient reason why a procedure other than by notice of motion is necessary."

No such affidavit could lie here because despite Plaintiffs' actual knowledge on December 4, 2017 that Defendants demanded joinder of Plaintiffs in the ICC arbitration, Plaintiffs eschewed emergency relief by OSC, preferring to deliberately delay until January 19, 2018 to then improperly serve Defendants with a motion on notice upon their registered agent in Delaware.  Moreover, Plaintiffs' counsel failed to call and ask my firm to accept service of the motion, despite the fact that we represent Defendants in the very same arbitration that is the subject of this action.  In short, Plaintiffs should not be heard to complain of their own obvious delay tactics.

We respectfully request until February 20, 2018 to respond to Plaintiffs' Motion for a Preliminary Injunction.

                                                  Respectfully submitted,

                                                  **/s/ Perry Amsellem**

                                                  Perry Amsellem

cc:      Counsel of record (via CM/ECF)