

**PRYOR CASHMAN LLP**

New York | Los Angeles

7 Times Square, New York, NY 10036-6569  Tel: 212-421-4100  Fax: 212-326-0806          www.pryorcashman.com

**Bryan T. Mohler**
Partner

Tel: 212-326-0466
bmohler@pryorcashman.com

June 18, 2018

**VIA CM/ECF**

Judge Edgardo Ramos
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY

> Re:   *Ithaca Capital Investments I, S.A., et al. v. Trump Panama Hotel Management LLC, et ano.,* No. 18 Civ. 390 (ER) - Defendants' Supplemental Submission Regarding June 22 Pre-Motion Conference

Dear Judge Ramos:

We represent Defendants in the above-referenced action. In advance of the parties' pre-motion conference presently scheduled for June 22, 2018 at 2:00 p.m., we write to inform the Court of recent developments pertinent to Plaintiffs' proposed motion to stay and/or dismiss.

On June 14, 2018, the International Court of Arbitration of the International Chamber of Commerce ("ICC") notified the parties to the arbitration proceedings, *Hotel TOC, Inc. v. Trump International Hotel Management LLC, et ano. v. Gary Lundgren, et al.*, ICC Case No. 23149/MK (the "Arbitration"), of its decision on Defendants' Request for Joinder. A copy of the notification is attached hereto as **Exhibit A**. On the basis of the parties' submissions, which included copies of the parties' briefing on the preliminary injunction in this action and the Court's preliminary injunction order (all provided to the ICC by Plaintiffs' counsel), the ICC "decided that this arbitration will proceed with respect to . . . Ithaca Capital Investments I, S.A. (Panama) [and] Ithaca Capital Investments II, S.A. (Panama)."[1]  Additionally, the ICC "decided that this arbitration will not proceed with respect to Orestes Fintiklis (Cyprus)."

Following the notification of the ICC's decision, counsel for Plaintiffs, Mr. Joshua Bernstein, contacted the undersigned via telephone. During that telephone conversation, Mr. Bernstein asked whether Defendants intended to withdraw their claims pending in the ICC in light of the Court's preliminary injunction. Mr. Bernstein expressed Plaintiffs' position that, by failing to drop their claims, Defendants were violating this Court's preliminary injunction, and noted that

---

[1] The parties' briefing on the question of joinder was complete prior to the Court's issuance of the preliminary injunction in this matter. The only submissions to the ICC on the question of joinder following the Court's March 23, 2018 issuance of a preliminary injunction was by Plaintiffs.



Judge Edgardo Ramos
June 18, 2018
Page 2

he was inquiring in an attempt to avoid needing to write a "public" letter seeking a pre-motion conference against Defendants arising therefrom.

      Plaintiffs' contention not only lacks merit—it is undisputed that Defendants have taken no action with respect to Plaintiffs in the Arbitration, thus fully complying with the preliminary injunction—but is further evidence that Plaintiffs, by their proposed stay motion, are improperly seeking to convert the *preliminary* relief they received into *permanent* relief.  At the same time that Plaintiffs seek to stay Defendants' counterclaims against Ithaca I, Ithaca II and Fintiklis in this action, they are threatening to bring a motion if Defendants do not withdraw their claims against those same parties in the ICC proceeding.  This attempt to subvert Defendants' rights to proceed in *any* forum should be rejected.

      Accordingly, should the Court consider crediting the Plaintiffs' newly-adopted (and contrary to their position on the preliminary injunction) position regarding the relatedness of the counterclaims in this action to the Arbitration, Defendants request leave to seek vacatur of the preliminary injunction as against Ithaca I and Ithaca II to proceed in arbitration in the ICC. Defendants will, absent vacatur or modification of the preliminary injunction, refrain from proceeding against Plaintiffs in the Arbitration, as they have done at all times since the issuance of the preliminary injunction.  As previously submitted, however, in no event is a stay of proceedings warranted, and the sole question to be resolved is whether the claims proceed before this Court or the ICC.[2]

      Respectfully submitted,

      **/s/ Bryan T. Mohler**

      Bryan T. Mohler

Attachment

cc:    Counsel of Record (*via CM/ECF*)

---

[2] In light of the ICC's decision declining to accept joinder of Plaintiff Orestes Fintiklis, Defendants will pursue its counterclaims against Fintiklis in this Court.