

**PRYOR CASHMAN LLP**

New York | Los Angeles

7 Times Square, New York, NY 10036-6569 Tel: 212-421-4100 Fax: 212-326-0806

www.pryorcashman.com

**Bryan T. Mohler**
Partner

Tel: 212-326-0466
bmohler@pryorcashman.com

June 21, 2018

**VIA CM/ECF**

Judge Edgardo Ramos
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY

Re: *Ithaca Capital Investments I, S.A., et al. v. Trump Panama Hotel Management LLC, et ano.*, No. 18 Civ. 390 (ER) - Defendants' Response to Plaintiffs' June 20 Letter

Dear Judge Ramos:

We represent Defendants in the above-referenced action. We write to briefly respond to Plaintiffs' June 20 Letter now seeking leave to file a motion against the Defendants for contempt of this Court's March 23, 2018 preliminary injunction.

The Court's preliminary injunction specifically enjoined Defendants "from pursuing claims against Plaintiffs" in the ICC. The preliminary injunction that issued was "a prohibitory one." Hrg. Tr. 72:9. In their June 20 letter, Plaintiffs argue that Defendants "did nothing" and thereby "implicitly (if not explicitly)" violated the preliminary injunction. Rather the demonstrating non-compliance, let alone contemptuous non-compliance, Plaintiffs admit that Defendants have abided by the preliminary injunction.[1] What the timing of Plaintiff's complaints reveal, however, is that they are unhappy with the ICC's determination that Ithaca I and Ithaca II may be joined in arbitration.[2]

Plaintiffs then attempt to recast the ICC's decision into support for their request for a stay of proceedings, as if the ICC's decision concludes that there is factual overlap and/or a risk of inconsistent judgments. But that is not what the ICC concluded, nor was it the question before the ICC. The ICC's decision recognized only that, as a *prima facie* matter, Ithaca I and Ithaca II were bound to arbitrate pursuant to the HMA (ICC Rules, Art. 6(4)), with which this Court did not disagree, finding (for issuance of the preliminary injunction) that "there is at least a serious question" regarding that dispute. Hrg. Tr.

---

[1] The sole case cited in Plaintiffs' June 20 letter, *Corporation v. Rice*, concerned the repeated violations by a party of the confidentiality and non-disparagement provisions of a settlement agreement requiring arbitration after an injunction in aid of that arbitration (*i.e.,* compelling compliance with those provisions) issued. It is inapposite to the instant dispute, as the parties agree that Defendants have taken no action, let alone an action violating the preliminary injunction.

[2] For the avoidance of doubt and in clear recognition of the preliminary injunction in this case, the Defendants have no intention of proceeding against Plaintiffs in arbitration before the ICC and have consistently refrained from any such action. Should the Court, in light of the Plaintiffs' changed position and the ICC's decision on joinder, reconsider and/or modify its preliminary injunction as to Ithaca I and Ithaca II, Defendants are prepared to discontinue their claims against Ithaca I and Ithaca II and to proceed against them in arbitration. Defendants have no intention of pursuing their claims in more than one forum.



Judge Edgardo Ramos
June 21, 2018
Page 2

75:8. What Plaintiffs' request for a stay reveals, however, is Plaintiffs' desire to deny Defendants any opportunity to have their claims heard *anywhere*. While originally arguing that the counterclaims asserted were completely distinct from those asserted between Defendants and Hotel TOC in the ICC arbitration (in support of their motion for preliminary injunction), Plaintiffs now assert the exact opposite to seek to stay the claims now asserted in litigation. This about-face is impermissible and, if entertained by this Court, should entitle Defendants' to seek vacatur of the preliminary injunction, as Defendants have previously requested.

        Respectfully submitted,

        **/s/ Bryan T. Mohler**

        Bryan T. Mohler

cc:     Counsel of Record (*via CM/ECF*)