

PRYOR CASHMAN LLP

New York | Los Angeles

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806

www.pryorcashman.com

**Bryan T. Mohler**
Partner

Direct Tel: 212-326-0466
bmohler@pryorcashman.com

April 24, 2019

**VIA CM/ECF**

Judge Edgardo Ramos
Thurgood Marshall, United States Courthouse
40 Foley Square
New York, New York 10007

> **Re:** ***Ithaca Capital Investments I, S.A., et al. v. Trump Panama Hotel Management LLC, et ano.,* No. 18 Civ. 390 (ER) – Parties' Submission of Proposed Scheduling Orders**

Dear Judge Ramos:

The parties jointly write to provide the Court with the parties' proposals concerning the entry of a scheduling order in advance of the May 3, 2019 conference. The parties held their first conference pursuant to Fed. R. Civ. P. 26(f) on April 10, 2019, at which time the parties discussed the schedule for discovery in this action. While the parties agree on certain aspects of the proposed scheduling order, they have been unable to agree on all aspects of the scheduling order in this action.

Accordingly, this joint letter transmits the parties' respective scheduling proposals and provides each side's reasoning for such proposal to aid the Court in setting an appropriate discovery schedule. For the Court's convenience, the parties have enclosed as **Exhibit A** a Joint Proposed Discovery Plan and Scheduling Order that identifies the issues where the parties have not been able to reach agreement.

**Plaintiffs' Position**

Plaintiffs commenced this action in January 2018 seeking an injunction preventing Defendants from pursuing claims against them in a pending arbitration before the International Chamber of Commerce. The Court granted Plaintiffs' motion for a preliminary injunction on March 22, 2018. Thereafter, Defendants filed their Answer with Counterclaims on April 23, 2018, alleging many of the same claims it had brought against Plaintiffs' in the ICC Arbitration in this proceeding.

In response to Defendants' Counterclaims, Plaintiffs' sought a pre-motion conference to move to dismiss the Counterclaims, or in the alternative, to stay the action pending resolution of the ICC proceeding. On June 22, 2018, the Court asked the parties to brief the stay motion and stayed this action pending a determination on the motion, which the Court ultimately denied on March 19, 2019.

ump Panama International Hotel (the "Hotel").

 PRYOR CASHMAN LLP

Judge Edgardo Ramos
April 24, 2019
Page 2

With the stay lifted, the parties are proceeding with the initial discovery process in the ordinary course and Plaintiffs have requested a pre-motion conference to move to dismiss the Counterclaims.

Initially, Plaintiffs intend to ask that the Court stay discovery in this matter with respect to Defendants' claims, which are the subject matter of their anticipated motion to dismiss. In particular, a stay of discovery is appropriate against Plaintiff Orestes Fintiklis, as the "alter ego" claims against Mr. Fintiklis are likely to be dismissed.

For the remaining claims against Ithaca Capital Investments I, S.A. and Ithaca Capital Investments II, S.A. (collectively "Ithaca") for breach of the Bulk Sale Agreement, Plaintiffs submit the attached proposed case management order. Plaintiffs' proposal accounts not only for the complex nature of the claims and defenses that are at issue in the breach of the Bulk Sale Agreement claim and the significant discovery that is being sought by Defendants, but also for the international nature of discovery in this action.

Notably, the parties' disagreement to the scheduling order is only in the range of 3-5 months. While we appreciate Defendants' efforts to set an aggressive discovery schedule, the schedule must be realistic and achievable. This means that the schedule must take into account the international nature of this dispute and the necessity of obtaining documents and testimony from non-parties that reside overseas.

1) **Plaintiffs' Request that Document Discovery And Non-Expert Depositions Be Completed No Later Than December 31, 2019**

The claims at issue concern Ithaca's right to participate in the termination of the hotel management agreement for the former Trump Panama International Hotel (the "Hotel"). Defendants claim that Ithaca's participation in the vote of unit owners that ultimatley led to the termination of the Hotel Management Agreement constituted a breach of the Bulk Sale Agreement. Ithaca, however, contends that Defendants breached their obligations under the Hotel Management Agreement, among other things, permitting Ithaca to vote its units, along with a super-majority of other unit owners, to change the board of directors controlling the Hotel and terminate the Hotel Management Agreement. This conduct is not a breach of the Bulk Sale Agreement, as that agreement only prevents against wrongful terminations of the Hotel Management Agreement. Plaintiffs, along with the hotel Owner and other unit owners, contend that the termination of the Hotel Management Agreement was justified due to, among other reasons, Defendants' improper management of the Hotel, which nearly led the Hotel into insolvency.

In mounting its defense, Ithaca will seek documents and testimony from individuals, who are no longer associated with Defendants and/or who reside outside the United States, who have documents and information necessary to demonstrate Defendants' breach of the Hotel Management Agreement and/or the Hotel Owner's right to terminate that agreement. These witnesses include, among others: the former general manager of the Hotel, Carlos Abaunza; the



Judge Edgardo Ramos
April 24, 2019
Page 3

former Executive Vice President for Hotel Operations, Jeff Wagoner; and Ithaca's alleged "co-conspirator" Gary Lundgren.  We understand that Mr. Abaunza and Mr. Lundgren currently reside in Panama.  If they do not voluntarily participate in these proceedings, Ithaca will be required to follow the Inter-American Convention on Letters Rogatory and Additional Prococol to facilitate production of their documents and testimony.  The State Department advises that "[a]s a general rule it may take from 6 months to a year for a request to be executed."  U.S. Dep't of State – Bureau of Consular Affairs, Inter-American Service Convention and Additional Protocol, available at https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process/Inter-American-Service-Convention-Additional-Protocol.html.  Thus, the discovery schedule must take into account the process of obtaining necessary discovery from these and other non-parties.  For these reasons, Plaintiffs request that document productions and non-expert discovery be completed on or before December 31, 2019.

Despite the complex and international nature of discovery in this action, Defendants propose a discovery schedule for the completion of document discovery and non-expert depositions by September 30, 2019.  Given that the parties have agreed to finalize ESI protocols no later than May 31, 2019, this leaves only 4 months for the review, production, and analysis of tens of thousands (if not hundreds of thousands) of documents, and the depositions of approximatley 10-15 witnesses.  Even without the international nature of this action, Defendants' proposal would be unrealistic.  Plaintiffs' request an additional 3 months to complete document productions and non-expert discovery, or until December 31, 2019.

2) **Plaintiffs' Request that Expert Discovery Commence After
Document Discovery And Non-Expert Depositions Are Completed**

As to expert discovery, the parties agree to the general timing of disclosures.  They agree that rubuttal expert reports should be served approximately 45 days after the disclosure of expert reports.  They also agree that expert depositions should be completed within 2½ months of exchanging expert rebuttal reports.  However, the parties disagree on when expert discovery should commence.

Plaintiffs propose that expert reports should be exchanged approximately 2 months after the completion of non-expert discovery.  This schedule permits the parties and their respective experts to fully digest and evaluate all the documents and testimony that will have been provided in the action.  This is particularly necessary here, where experts are likely to play a significant role in explaining and analyzing Defendants' liability under the Hotel Management Agreement and any potential damages.  In order for the experts to offer their full opinion based on all the evidence, they must have time to consider all of the evidence and make their findings.  Thus, Plaintiffs' propose February 28, 2020 for the exchange of expert reports.

We do not understand Defendants' position that expert discovery should commence *before* the conclusion of document discovery and non-expert depositions, and Defendants have not



Judge Edgardo Ramos
April 24, 2019
Page 4

offered Plaintiffs an explanation during the course of the several meet and confers on the topic of the scheduling order.  Given the critical role that experts are likely to play in conveying liability and damages to the fact finder, it is essential that the experts' opinions be fully informed.  Thus, Plaintiffs' respectfully request that the Court reject Defendants' proposal for expert discovery to commence while fact discovery is ongoing.  Plaintiffs respectfully request that the Court set the following expert disclosure schedule: (i) disclosure of any experts the parties intend to rely upon at the close of fact discovery on December 31, 2019; (ii) the exchange of expert reports approximately 2 months after the close of fact discovery, *i.e.* February 28, 2020; and (iii) the exchange of rebuttal reports approximately 45 days after the exchange of expert reports, *i.e.* April 17, 2020; and (iv) the completion of expert depositions approximately 2½ months later, *i.e.* June 30, 2020.

**3)  Plaintiffs' Request that the Final Date for Service of Interrogatories And Requests to Admit Be Set for After Expert Depositions Are Completed**

As to the service of further interrogatories and requests to admit, Plaintiffs respectfully request that the outside date for service be set for 30 days before the close of all discovery.  The purpose of such contention interrogatories and requests to admit are to narrow or eliminate issues of fact for summary judgment.  Thus, it is important that the parties have a full understanding of the facts, including expert analysis, when they serve (and respond to) such requests.  Plaintiffs' request also conforms with Local Civil Rule 33.3(c), which provides that "[a]t the conclusion of other discovery, and at least 30 days prior to the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served unless the Court has ordered otherwise."  Thus, Plaintiffs' respectfully request that the Court set the deadline for serving contention interrogatories and requests for admit for no later than May 29, 2020, with the close of discovery being set forth June 30, 2020.

We thank the Court for its attention to this matter.

**Defendants' Position**

Plaintiffs commenced this action over sixteen months ago, on January 16, 2018, and simultaneously sought a preliminary injunction barring Defendants from pursuing claims against them in an ICC Arbitration commenced months earlier by Hotel TOC, Inc., a non-party controlled by Plaintiffs.  On March 23, 2018, this Court heard argument on Plaintiffs' motion and issued a preliminary injunction.  In response to the Court's query about what was next in the case, Plaintiffs lead counsel responded by stating that Plaintiffs "have the relief that we sought from this court, and I'm not sure there is anything further to do in this particular case."  March 22, 2018 Hrg. Tr. at 76:9-11.

True to their counsel's word, Plaintiffs have worked to delay the progress of this action ever since the issuance of the preliminary injunction.  First, after Defendants answered and asserted as counterclaims the claims that were previously asserted in the ICC Arbitration, Plaintiffs



Judge Edgardo Ramos
April 24, 2019
Page 5

reversed course, moving to stay this action until the resolution of the very ICC Arbitration from which their counsel had just extracted them, arguing that the resolution of the ICC Arbitration "may" resolve issues in this action—even though Plaintiffs previously argued that such issues were subject to resolution exclusively by courts in the State of New York.

In support of their stay motion, Plaintiffs claimed that a stay pending the completion of the ICC Arbitration would cause little delay because the ICC Arbitration would likely be concluded by early 2019. Plaintiffs further asserted that the Court should, in any event, not consider whether the ICC Arbitration will conclude in a reasonable period because Defendants bear responsibility for any delay by raising a "meritless" objection to a proposed arbitrator. As the Court properly deduced in its March 19, 2019 Order denying Plaintiffs' stay motion, Plaintiffs' claims have proven false. As of today, nearly a year later, it remains the case that no arbitral panel has been composed. This is solely due to Plaintiffs' nomination of a conflicted proposed arbitrator, whose nomination was rejected by the ICC on January 31, 2019. Plaintiffs' subsequent proposed arbitrator is also conflicted, and likely will also be rejected. While Defendants' proposed arbitrator has been confirmed, Plaintiffs' serial nominations of conflicted arbitrators means the ICC Arbitration remains indefinitely stalled.

Now, with this case finally ready to proceed, Plaintiffs again seek delay by proposing an unnecessarily protracted discovery schedule on the basis of the asserted complexity of discovery in this case on account of its "international" nature. Plaintiffs' rationale is, at best, speculative, but they nonetheless seek to extend all fact discovery deadlines. Defendants, on the other hand, have proposed a realistic schedule for the efficient completion of fact discovery in this relatively straightforward case which, should any of Plaintiffs' speculative complexities arise, can be modified accordingly at such time.

Defendants have proposed a discovery schedule that results in the completion of discovery by January 31, 2020 – permitting the parties eleven full months to complete discovery, which is more than reasonable given the claims asserted and the time the parties have had to identify relevant information. The parties have been in possession of the pleadings reflecting the claims in this action for over a year, during which time there has been ample opportunity to consult with counsel regarding the identity and location of relevant information, and to arrange for its preservation and/or collection.

By contrast, Plaintiffs seek a schedule that contemplates the completion of discovery by June 30, 2020 – a full five months' longer. The ostensible need for Plaintiffs' enlarged discovery schedule is the complexities attendant to "international" third-party discovery that will need to be conducted. When pressed, Plaintiffs' counsel has provided no concrete examples of the complexities warranting the extension of *all* discovery deadlines, nor could they, given that the only arguably relevant third-party discovery concerns matters being arbitrated before the International Chamber of Commerce.

 PRYOR CASHMAN LLP

Judge Edgardo Ramos
April 24, 2019
Page 6

Accordingly, Defendants respectfully request that this Court to adopt their proposed discovery schedule. Should any "issues" arise regarding third-party discovery, the parties and the Court can adjust the schedule as warranted at that time. These "issues," which are all now mere speculation, should not serve to unnecessarily prolong discovery in this action and undermine the "just, speedy and inexpensive determination" of this action. *See* Fed. R. Civ. P. 1.

\* \* \*

We look forward to the upcoming status/pre-motion/scheduling conference to be held on May 3, 2019, at 4:00 p.m.

Respectfully submitted,

AKERMAN LLP                                    PRYOR CASHMAN LLP

**/s/ Kathleen M. Prystowsky (w/ permission)**      **/s/ Bryan T. Mohler**
    Kathleen M. Prystowsky                              Bryan T. Mohler
666 Fifth Avenue, 20th Floor                    7 Times Square
New York, New York 10103                        New York, New York 10036
Tel: 212-259-6479                               Tel: 212-326-0466
Fax: 212-880-8965                               Fax: 212-326-0806
kathleen.prystowsky@akerman.com                 bmohler@pryorcashman.com

*Counsel for Plaintiffs*                         *Counsel for Defendants*

Enclosures (Joint Proposed Scheduling Order)