

Darryl R. Graham

Akerman LLP
666 Fifth Avenue
20th Floor
New York, NY  10103

T: 212 880 3800
F: 212 880 8965

September 17, 2019

**VIA ECF**

Honorable Edgardo Ramos
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

    Re:   *Ithaca Capital Investments I, S.A., et al. v. Trump Panama Hotel Management LLC, et al.*, No. 18 Civ. 390 (ER)

Dear Judge Ramos:

    We represent the Plaintiffs in the above-captioned action. We write in response to Defendants' letter ("Defendants' Letter") to the Court regarding Plaintiffs' alleged refusal to produce certain irrelevant documents. [ECF No. 95]. At best, Defendants' Letter demonstrates that this request for the Court's intervention is premature. Further, Defendants' Letter is wholly inaccurate regarding the parties' interactions related to these discovery issues, which is more fully and accurately described in Plaintiffs' September 6, 2019 letter to the Court. [ECF Nos. 93, 93-1].

    First, Defendants' Letter confirms that Plaintiffs have made substantial good faith efforts to meet and confer to resolve the purported deficiencies in Plaintiffs' responses and objections ("Plaintiffs' objections") to Defendants' First Set of Requests for Production ("First RFP"). Defendants raised their initial concerns to Plaintiffs' objections on August 2, 2019, then Plaintiffs met and conferred with Defendants to attempt to reach consensus on the disputed issues. By virtue of Plaintiffs' cooperation and willingness to meet and confer in good faith, the parties resolved all of Defendants' issues, except for one. As Defendants' Letter indicates, the only remaining issue is an apparent dispute related to the temporal scope of discovery and the production of documents after December 22, 2017. Plaintiffs objected to the production of those documents because, as they concern the alleged breach of the Bulk Sale Agreement and interference with the HMA, the only relevant documents could be those that relate to events that occurred before and leading up to the termination of the HMA on December 22, 2017. As such, the request for documents after that date is irrelevant. Apart from this, Plaintiffs have moved to dismiss Defendants' tortious interference counterclaims and thus maintain that discovery into these irrelevant areas are also improper. *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 678-85, 129 S. Ct. 1937, 1950-53 (2009). On balance, while Plaintiffs maintain a willingness to meet

Honorable Edgardo Ramos
September 17, 2019
**2 | P a g e**

and confer, Defendants' issue is limited to certain irrelevant documents relating to an approximate four (4) month period after termination of the HMA.

Next, Defendants' argument for the production of these documents rings especially hollow as they have explicitly refused to produce documents during this same period as being, "overly broad, unduly burdensome, not proportional to the needs of the case, and seek[ing] information irrelevant to the claims and defenses of this action, including with respect to temporal scope." *See* Defendants' Responses, Nos. 11, 13, 14, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 32; *see also* [ECF No. 93-1, p. 40]. It is disingenuous to seek purportedly relevant documents during this period, while simultaneously refusing to produce documents relating to this same period to Plaintiffs. In short, if Defendants maintain that they should not have to produce documents post-dating December 22, 2017 in response to Plaintiffs' document requests, they cannot now take the contrary position that Plaintiffs must. Moreover, as noted, Plaintiffs have indicated a willingness to meet and confer regarding this temporal period, but Defendants refuse to do so as they remain unwilling to provide a written response to Plaintiffs' August 13, 2019 deficiency letter or otherwise to provide a fulsome written record of their position to allow for a meaningful meet and confer.

Finally, Defendants mischaracterize the history of their meet and confers to date. In reality, during the August 20, 2019 conference, the parties only discussed Defendants' issues with Plaintiffs' objections, which led to the resolution of all but one of Defendants' issues. This process was largely assisted by Plaintiffs willingness to articulate the basis for their objections to Defendants, which allowed Defendants to narrow the issues that mattered to them and led to compromise. Conversely, during the August 22, 2019 conference, the parties discussed Plaintiffs' issues with Defendants' objections, but Defendants made it clear that compromise would be fruitless as they were unwilling to amend their responses. This process was largely hindered by Defendants' unwillingness to articulate the basis for their objections in advance of the conference to help focus the issues that mattered. Thereafter, Defendants confirmed in writing that they were unwilling to amend their Initial Disclosures or the responses and objections to Plaintiffs' requests.

Independent of this, but as yet a further example of Defendants' hindrance, Plaintiffs are trying to produce relevant documents regarding the period that the parties agree is appropriate, but Defendants are frustrating those efforts too. In fact, Plaintiffs and their e-Discovery vendor have collected documents and are poised to commence their review for production. However, Defendants are unwilling to finalize the process for production, including, without limitation, finalizing the relevant custodians and search terms. Plaintiffs provided Defendants with a proposed list of custodians and search terms on September 3, 2019, but Plaintiffs are still waiting for Defendants' response. Plaintiffs have advised Defendants that they will be applying most of Defendants' proposed search terms and will limit the time period to January 1, 2015 to December 22, 2017. Also, during the August 20, 2019 meet and confer, Plaintiffs requested that Defendants provide limiters for the terms "Trump" and "Panama" as these terms resulted in numerous non-responsive documents, but Defendants have still not done so. Notwithstanding that backdrop, Plaintiffs intend to commence their timely review and begin producing documents to Defendants, but under the reservation that production is made in spite of Defendants' refusal

to cooperate and without prejudice to Plaintiffs to the extent Defendants belatedly object to the applied search terms and custodians.

In sum, Defendants' obstructionist behavior has delayed the meaningful exchange of discovery and their request to seek to compel Plaintiffs' to produce documents after December 22, 2017 is improper, seeks documents that Defendants have conceded is irrelevant to this case and is, in any event, simply premature as the parties have yet to address Defendants' deficient responses to Plaintiffs' Documents Requests as well as to confer on a list of custodians and the search terms.

Plaintiffs are prepared to further discuss these disputes at the Court ordered conference, which is presently set for October 1, 2019.

                                     Respectfully submitted,

                                     /s/ *Darryl R. Graham*

                                     Darryl R. Graham

cc: All counsel (*via* CM/ECF)

50154439