# MEMO ENDORSED



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: October 18, 2019

**Darryl R. Graham**

Akerman LLP
666 Fifth Avenue
20th Floor
New York, NY 10103

T: 212 880 3800
F: 212 880 8965

October 17, 2019

**VIA ECF**

Honorable Edgardo Ramos
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

Re: *Ithaca Capital Investments I, S.A., et al. v. Trump Panama Hotel Management LLC, et al.*, No. 18 Civ. 390 (ER) – Letter Motion for a Three Month Stay of All Proceedings and Other Appropriate Relief

Dear Judge Ramos:

We are counsel to the Plaintiffs in the above-captioned action and write to request that the Court enter a stay of all proceedings in this action for three (3) months, which was agreed to by the parties and previously referenced in a letter filed on October 9, 2019.  [ECF No. 101]. Because Defendants have breached that agreement and are currently engaged in discovery in contravention of that agreement, Plaintiffs file this letter motion to seek immediate relief from the Court and enforcement of the parties' agreement to stay all proceedings for three months.

As the Court is aware, this action and the parties to it concern events relating to the hotel formerly known as the Trump International Hotel & Towers Panama, located in Panama City, Panama.  In addition to this action (the "New York Action"), the parties (and/or those affiliated with them) are engaged in an arbitration pending before the International Chamber of Commerce (the "ICC Arbitration"), as well as litigation pending in the Republic of Panama (the "Panama Action").

On or about September 26, 2019, an arbitral tribunal ("Tribunal") was constituted in the ICC Arbitration.  On October 3, 2019, Defendants (Respondents in the ICC Arbitration) filed an application with the Tribunal requesting the issuance of interim and conservatory measures to compel Hotel TOC, Inc. (Claimant in the ICC Arbitration) to dismiss the Panama Action and to litigate those claims in the ICC Arbitration.  Claimant disputed whether dismissal of the Panama Action was appropriate and raised issues regarding the New York Action and its overlap with the ICC Arbitration.  In entertaining that application, and as a compromise between the parties, the Tribunal proposed that the parties "jointly request both the Panamanian Court and the Federal District Court in New York to adjourn [these actions] … for a three month period" as an "approach that strikes a fair balance between the various competing interests at this time." During these discussions, there was never any suggestion that the stays would be partial or that

The Honorable Edgardo Ramos
October 17, 2019
Page 2
_____

discovery would continue.  Rather, they were contemplated as stays of "all proceedings" in each matter for three months.

On October 7, 2019 and October 8, 2019, respectively, the Plaintiffs (affiliated with Claimant) and Defendants (affiliated with Respondents) agreed to the Tribunal's proposal. Copies of the e-mail correspondence of the Tribunal's proposal and the parties' unequivocal agreements are attached as **Composite Exhibit A**.

In furtherance of their unqualified agreement, the parties caused to be filed in the Panama Action a joint request to have all proceedings stayed in that matter for a period of three months. On or about October 10, 2019, the court in Panama stayed the Panama Action.  A copy of the Order in the Panama Action is attached as **Exhibit B**.  There is no dispute that the Panama Action is stayed in all respects for three months.  If the Panama Action was not stayed, formal discovery was scheduled to commence this month, which Defendants sought to avoid.

On October 9, 2019, in furtherance of their unqualified agreement, the parties contacted Ms. Rivera to discuss how best procedurally to inform the Court of the agreement to stay all proceedings in this action, as well as to adjourn the pre-motion conference set for October 10, 2019, which related to discovery and document production issues.  Ms. Rivera recommended that the parties file a letter motion regarding the request for a stay and, separately, to file a letter requesting that the pre-motion conference be adjourned in light of the parties' agreement to stay. Based on that recommendation, the parties filed the letter request for an adjournment on October 9, 2019, which the Court granted that day.  [ECF Nos. 101, 102].  Based on the parties' representation for a three-month stay, the Court adjourned the pre-motion conference to January 16, 2020.  [ECF No. 102].

On October 9, 2019, based on Ms. Rivera's recommendation, *counsel for Defendants* drafted and circulated to Plaintiffs a proposed joint letter motion requesting a three-month stay of "all proceedings" in this action from October 10, 2019 to "January 9, 2020."  On October 10, 2019, Plaintiffs provided their comments and edits to the draft letter motion, which maintained Defendants' language requesting a stay of all proceedings, and otherwise excluded any suggestion whatsoever that discovery should continue or that the parties should engage in this proceeding during the stay.  On October 14, 2019, having not received any response from Defendants, Plaintiffs sent a follow up e-mail directing them to file the revised joint letter motion.  Copies of these communications and the iterations of the draft letter motions are attached as **Exhibit C**.

On October 15, 2019, the Tribunal e-mailed the parties certain follow up questions regarding the ICC Arbitration.  In that e-mail, the Tribunal confirmed its understanding that the parties were agreed and staying the Panama Action and the New York Action for three months. Defendants did not respond, nor did they object to the Tribunal's understanding.  Plaintiffs responded and indicated that the parties had stayed the Panama Action and were finalizing their agreement to stay the New York Action.  Again, Defendants did not respond or otherwise refute that representation.  Copies of these communications are attached as **Exhibit D**.

50479615;1

The Honorable Edgardo Ramos
October 17, 2019
Page 3
_____

However, on October 15, 2019, for the first time and without any discussion (or agreement) with the Tribunal or Plaintiffs, Defendants circulated new edits to the draft joint letter motion – *again, which they initially drafted* – that sought to alter the scope of the stay from "all proceedings" (in their initial draft) to a stay of "certain proceedings" and to allow "for the continuation of document discovery (including both party and *third-party document discovery*)." Impracticalities of this suggestion aside, however, this was not the parties' agreement. This was never raised with the Tribunal, it was never proposed by the Tribunal, and it was not included in the request to stay the Panama Action. Moreover, Plaintiffs never would made this agreement and joined to stay the Panama Action – what Defendants sought to gain – if Defendants could then renege on the agreement and refuse to stay all proceedings in the New York Action – what Plaintiffs sought to gain. In other words, Defendants' new proposal undermines the entire purpose of the agreement, and obviates any benefit to Plaintiffs. Defendants' position is particularly prejudicial and underhanded insofar as, based on Plaintiffs' reliance on the agreement, Plaintiffs already took actions to (and secured) a stay of all proceedings in the Panama Action, which Panama law does not allow to be lifted until it expires.

Consequently, Plaintiffs responded and directed Defendants to remove that new language altering the scope of the stay and to file the joint letter motion as agreed by the parties, as initially drafted by Defendants, and as Defendants represented to the Court and the Tribunal. Defendants refused and again insisted on including language to allow document discovery to continue. Copies of these communications and draft letter motions are attached as **Exhibit E**.

On October 16, 2019, Plaintiffs rejected Defendants' efforts and indicated that Plaintiffs would file the joint letter motion requesting the agreed stay of all proceedings in this action as initially agreed absent an objection from Defendants. Later that day, the parties had a telephone conference to discuss unrelated issues in the ICC Arbitration, but also discussed the joint letter motion to stay. During this call, counsel for Defendants requested that Plaintiffs hold off on filing the joint letter motion to allow Defendants to discuss this issue with their client. Plaintiffs confirmed this in a subsequent e-mail to Defendants' counsel. In this e-mail, Plaintiffs indicated that absent an objection from Defendants, Plaintiffs would file the joint letter motion on Wednesday, October 16. Thereafter, Defendants responded and objected to the joint filing. Copies of these communications are attached as **Exhibit F**.

On October 17, 2019, at 2:44 pm, Defendants again responded and continued with their position that document discovery should be permitted to continue, even though this is not what was agreed. A copy of Defendants' e-mail and draft letter is attached as **Exhibit G**.

Because this is improper and violates the parties' agreement, the Court should enforce the agreement and stay this proceeding in all respects.

On its face, Defendants have acted improperly by going back on their agreement, even after they obtained the stay of the Panama Action, which is prejudicial to Plaintiffs, especially if this action is not also stayed. In fact, if this action continues, it will only reward Defendants for their misconduct and misrepresentations.

The Honorable Edgardo Ramos
October 17, 2019
Page 4
_____

Further, Defendants' contention that document discovery should continue is dubious in light of the parties' joint request to adjourn the October 10, 2019 conference.  Indeed, to the extent Defendants considered it appropriate to continue document discovery (as they claim), then it would have logically followed that they would have wanted to attend the pre-motion conference to address the issues of *document discovery*, the scope of document discovery, and their request to have certain documents compelled for production. *See* [ECF Nos. 93, 94, 95, 98]. It makes no sense to agree to a stay, jointly inform this Court of that stay, request that a discovery conference be adjourned, and then days later insist that document discovery continue. However, this change coincides with the stay in the Panama Action.  Once this occurred on or about October 10, 2019, Defendants changed their position and sought to continue discovery in this matter.

***And***, as it turns out, that is precisely what Defendants were doing.  Indeed, they have been actively engaged in gathering documents from third parties, in spite of their agreement to stay this matter.  Further, in light of the timeline and their representations, Defendants are now attempting to secure an order from the Court that will rectify their conduct and allow them to use this newly obtained discovery in spite of the agreement to stay.  This is clearly bad faith.

As Plaintiffs learned today, Defendants have been pushing to gather as much third-party discovery as possible from Marriott International, Inc. ("Marriott"), if not others, and continued to do so after entering into this agreement with Plaintiffs.  In fact, Plaintiffs understand that ***after*** the parties agreed to the stay on October 8, Defendants did not alert Marriott (or presumably other third parties).  Instead, Defendants continued with discovery and received Marriott's initial production of documents on Friday, October 11, ***after*** the parties represented to the Court they had agreed to stay this proceeding on October 9, 2019.  Thereafter, Defendants have made repeated demands to Marriott (if not others), represented to Marriott that "the case is NOT stayed," and threatened to hold Marriott in default if it does not produce more documents immediately.  Copies of these communications are attached as **Exhibit H**.  Conversely, had Defendants not delayed and thwarted the timely filing of the joint letter motion to stay (or concealed the agreement from Marriott), discovery would have halted and Defendants would not have received Marriott's production.

Clearly, Defendants have breached their agreement with Plaintiffs and the Tribunal, and they are attempting to obtain discovery through the New York Action, rather than as limited in the ICC Arbitration.  Defendants changed their position regarding the stay between October 9 and October 13, and the only material change is the production of documents from Marriott. Worse yet, but for Marriott's counsel informing Plaintiffs of these issues, Plaintiffs never would have known that Defendants were engaged in this conduct in contravention of their agreement and their unequivocal representations to the Tribunal and this Court.  The Defendants' efforts to delay the process to effect the stay, and now their attempts to alter the scope of the stay are clearly in bad faith and designed to obtain an improper advantage in the ICC Arbitration.

Due to the parties' agreement to stay this action and due to the fact that, in reliance on that agreement, the parties have already stayed the Panama Action to Plaintiffs' detriment,

The Honorable Edgardo Ramos
October 17, 2019
Page 5
_____

Plaintiffs respectfully request that the Court enter an order enforcing the parties' clear and unequivocal agreement to stay all proceedings in this matter for a period of three-months, effective as of October 9, 2019.  Further, Plaintiffs seek an Order i) directing Defendants to turnover to Plaintiffs all document discovery (or other discovery) obtained since October 8, 2019, ii) directing Defendants to cease all further discovery efforts immediately, and, iii) reserving to Plaintiffs the right to seek appropriate sanctions from Defendants in light of their misconduct.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ *Darryl R. Graham*

Darryl R. Graham

> Defendants are hereby directed to respond by
> October 23, 2019.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: _October 18, 2019_
> New York, New York

50479615;1