

Darryl R. Graham

Akerman LLP
666 Fifth Avenue
20th Floor
New York, NY  10103

T: 212 880 3800
F: 212 880 8965

May 12, 2020

**VIA CM/ECF**

Hon. Sarah Netburn
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

**Re:**   *Ithaca Capital Investments I, S.A., et al. v. Trump Panama Hotel Management LLC, et al.*, **No. 18 Civ. 390 (ER)**

Dear Magistrate Judge Netburn:

We represent Plaintiffs in the above-captioned action.  We write further to the Court's directive at the April 28, 2020 conference to provide a status update on the issue of (1) "where we are on the rolling production for the 2015-2018 documents," (2) "where we are on the 2011-2014 documents," and (3) "what the hit report showed and whether or not the parties have reached any agreement as to [the PKF search terms]." Tr. 22:13-16.[1]

We regret to inform the Court that there has not been any substantial progress with respect to these three issues.

In particular, Plaintiffs have no new information concerning the status of Defendants' rolling production of documents for the 2015-2018 time period.  As Your Honor may recall, at the March 11, 2020 conference, Your Honor directed the parties to continue to meet and confer to resolve the dispute over the approximately 35,000 documents from the 2011-2014 time period and also instructed Defendants to begin producing documents on a rolling basis from the 2015-2018 time period to allow Plaintiffs to further narrow search terms for the 2011-2014 time period.

As of the last conference on April 28, 2020, however, Defendants had only produced approximately 500 documents.  During that conference, Your Honor expressed frustration that Defendants had not yet completed or nearly completed their production of documents for the 2015-2018 time period and made clear that You "[did not] want to wait another six or eight weeks [for Defendants] to complete that round of discovery before we jump into the 2011-2014 period."  Tr.

---

[1] The transcript of the April 28, 2020 telephonic hearing before the Honorable Sarah Netburn is attached hereto as <u>Exhibit A</u>.

akerman.com

Case 1:18-cv-00390-ER-SN   Document 142   Filed 05/12/20   Page 2 of 3

Honorable Sarah Netburn
May 12, 2020
2 | P a g e

11:3-12:5.  Your Honor also expressed hope that "within two weeks there [would] be a more complete production for that second period of documents for the [2015-2018] period of documents that [would] hopefully inform the [2011-2014] period of documents."  Tr. 22:17-20.

However, as of the time of this letter, Defendants have not made any further document productions since the last conference, nor do Plaintiffs have any idea when Defendants anticipate producing additional documents or how substantial that production will be.

Rather, Defendants appear to have *slowed* their discovery efforts.  During a telephonic meet and confer on May 7, 2020, Defendants' counsel stated that they did not believe the parties should be going "hog wild" to review and produce documents at this time.  Not only does this clearly frustrate the Court's instruction and expectations, as articulated during the April 28, 2020 conference, but it also establishes prejudice to Plaintiffs because Defendants' conduct ensures that the parties' ability to shift to the second step regarding documents for the 2011-2014 time period is being significantly and purposefully delayed.

When Plaintiffs attempted to get a clear understanding of the actual status of Defendants' document production, such as information about how many documents had been reviewed to date, when Defendants intended on making a production, and an estimate on when Defendants' anticipated the document production would be completed, Defendants counsel was entirely unable to answer any of these basic questions.  Defendants' counsel also questioned why Plaintiffs would even be entitled to such information, stating "Why is that any of your business?"

Defendants' purported reason for not expeditiously reviewing and producing documents is because at some undefined time, Defendants anticipate making a motion to confirm the Final Award from the related ICC proceeding.  Thereafter, Defendants anticipate making another motion to preclude some (again undefined) of Plaintiffs' claims or defenses in this action, which (if Defendants' prevail) may have the effect of narrowing the scope of issues in this case.

Not only is Defendants' explanation wholly speculative, but it is clear gamesmanship.  Plaintiffs repeatedly sought to have this action stayed until the final adjudication of the ICC proceeding.  Yet, in both Summer 2018 and Fall 2019, Defendants refused to consent to a stay, resulting in Plaintiffs incurring significant costs to prosecute and defend this action.  Only now that Plaintiffs' Amended Complaint has been filed,[2] asserts significant claims against Defendants, and Defendants must produce responsive documents to address those claims, Defendants are effectively seeking a stay of their discovery obligations until some undefined time in the future based on a speculative and undefined outcome.  These dilatory tactics should not be rewarded.

---

[2] As yet a further example of gamesmanship and resultant discovery delays, Defendants opposed Plaintiffs' request for leave to add the claims in the Amended Complaint and, while Plaintiffs' motion for leave to amend was pending, Defendants refused to produce any documents relevant to Plaintiffs' new claims arguing that they were not part of this action.  This position served to frustrate Plaintiffs' discovery efforts for months and was only cured when Your Honor overruled this objection at the February 11, 2020 conference and directed that the scope of discovery in this case would extend to the proposed amended complaint.  On March 30, 2020, Judge Ramos granted Plaintiffs' motion.

Honorable Sarah Netburn
May 12, 2020
3 | P a g e

    Given this impasse, Defendants' failure to comply with this Court's directives, and that effectively no progress has been made to the review and production of documents for either the 2015-2018 time period or the 2011-2014 time period, Plaintiffs respectfully request that this Court order Defendants to complete their review and production of all documents for the 2015-2018 and 2011-2014 time periods, concurrently, including all documents in the google drive, by June 5, 2020.

    As to the PKF search terms, the parties were unable to come to a resolution on this issue. During the May 7, 2020 meet and confer, Plaintiffs learned that the proposed PKF terms added approximately 1,125 documents in total to the search results for the 2011-2018 time period. Given that the application of these search terms produced a *de minimis* relative increase in documents to review, the terms are likely to produce highly relevant documents to, among others, Plaintiffs' fraud claim, and that it would be burdensome and costly to seek these documents from PKF in Panama, Plaintiffs' respectfully request an order directing Defendants to apply the PKF search terms and review the resulting documents for production.

    In light of the foregoing, Plaintiffs respectfully request that the Court order Defendants to (1) complete their review and production of documents from the 2011-2015 and 2015-2018 time periods, concurrently, including all documents in the google drive, by June 5, 2020;[3] and (2) apply the PKF search terms proposed by Plaintiffs and review the resulting documents for production. We thank the Court for its attention to this matter.

                                                  Respectfully Submitted,

                                                  */s Darryl R. Graham*

                                                  Darryl R. Graham

cc: all counsel *via* CM/ECF

---

[3] Alternatively, Plaintiffs respectfully request the Court order Defendants to complete their production of the 2015-2018 documents, including all documents in the google drive for the time period 2011-2014 on or before May 29, 2020.

53070643